# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60738-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ANDREZ GERALD REYNA, aka ANDY REYNA, ANREZ GERARDO REYNA, | |
| Appellant. | |

VELJACIC, A.C.J. — Andrez Gerald Reyna appeals his sentence after a guilty plea to three counts of attempting to elude a pursuing police vehicle and one count of custodial assault.

Reyna committed crimes in Lewis County before he committed the current Gray's Harbor County offenses. After his arrest for the Grays Harbor County offenses, Reyna was sentenced for the Lewis County offenses, before then pleading guilty and being sentenced for the current Grays Harbor County offenses. The trial court in this case imposed a sentence consecutive to the Lewis County sentence, apparently under the mistaken belief that Reyna was under sentence for the Lewis County offenses when he committed the current offenses. On appeal, Reyna argues, and the State concedes, that the Grays Harbor County sentence should have been concurrent with the Lewis County sentence. Reyna also argues that he received ineffective assistance of counsel at sentencing.

We accept the State's concession and remand for the trial court to resentence Reyna pursuant to RCW 9.94A.589(3).

FACTS

Reyna committed several crimes in Lewis County in April 2022. Reyna then committed several crimes in Grays Harbor County in late June and early July of 2022. The last of these crimes was a custodial assault that occurred when Reyna was arrested on July 14, 2022. In September 2022, Reyna was sentenced to 41 months for felony crimes in the Lewis County case.

The State charged Reyna for the Grays Harbor County crimes in November 2022. Reyna eventually pleaded guilty in February 2024 to three counts of attempting to elude a pursuing police vehicle and one count of custodial assault. The plea agreement stated that the State would recommend the bottom of the standard sentencing range, while Reyna could request an exceptional downward sentence and ask for a sentence concurrent to the Lewis County sentence.

At the Grays Harbor sentencing, defense counsel argued that Reyna's "sentence should run concurrent with the sentence that he is currently serving." Verbatim Rep. of Proc. (VRP) (Mar. 25, 2024) at 18. Counsel framed this as a request for an exceptional sentence. In contrast, the State "presumed" that the sentence for the current case would run consecutive to the Lewis County sentence. VRP (Mar. 25, 2024) at 18.

The trial court imposed a standard range sentence of 51 months, with the four current counts running concurrent to each other. The trial court imposed this sentence consecutive to the Lewis County sentence, stating:

> There is no reason for me to go above and beyond and run them concurrent; there is no basis for that, as I understand. The presumption is consecutive. And I . . . have not been presented with any real, compelling reason to do otherwise. So I will

follow the recommendation, concurrent as to the charges, but consecutive to any other commitments.

VRP (Mar. 25, 2024) at 21.

Reyna appeals his sentence.

ANALYSIS

I. CONSECUTIVE SENTENCES

Reyna argues, and the State concedes, that the trial court abused its discretion by using the wrong legal standard. We agree.

"A sentence will only be reversed if there is 'a clear abuse of discretion or misapplication of the law.'" *State v. Gililung*, 31 Wn. App. 2d 718, 725, 552 P.3d 813 (2024), *review denied,* 574 P.3d 573 (Wash. 2025) (internal quotation marks omitted) (quoting *State v. Delbosque*, 195 Wn.2d 106, 116, 456 P.3d 806 (2020). A trial court abuses its discretion if it applied an incorrect legal standard. *Short v. Schrader*, 20 Wn. App. 2d 876, 880, 503 P.3d 580 (2022).

RCW 9.94A.589(3) provides:

[W]henever a person is sentenced for a felony that was committed while the person was *not* under sentence for conviction of a felony, the sentence *shall* run concurrently with any felony sentence which has been imposed by any court in this or another state . . . subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that the confinement terms be served consecutively to each other.

(Emphasis added.) In contrast, when a person commits a felony while already under sentence for another felony, "the latter term of confinement shall not begin until expiration of all prior terms of confinement." RCW 9.94A.589(2)(a).

It is undisputed that Reyna was not under a sentence for a felony conviction when he committed the Grays Harbor County offenses. But the trial court clearly assumed that the RCW

3

9.94A.589(3) presumption favored consecutive rather than concurrent sentences, and believed it needed a "compelling reason" to impose concurrent sentences. VRP (Mar. 25, 2024) at 21. Thus, the trial court applied an incorrect legal standard, which was an abuse of discretion. *Schrader*, 20 Wn. App. 2d at 880. We remand for the trial court to resentence Reyna and properly apply the RCW 9.94A.589(3) presumption.

CONCLUSION

We remand for the trial court to resentence Reyna pursuant to RCW 9.94A.589(3).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Glasgow, J.

Che, J.